López et al., Plaintiffs and Appellees, *v.* Succession of Quiñones, Defendant and Appellant.

Appeal from the District Court of Mayagüez in an Action for Nullity of Deed, etc.

No. 2126.—Decided November 13, 1919.

Appeal—Extension of Time—Transcript of Record—Computation of Time.—
Although the time allowed by law for filing the transcript of the record in the Supreme Court expired on September 28, 1919, that court allowed the appellant, on its timely motion, a thirty days' extension to run from the 29th of the same month and year. On October 29, 1919, the appellant moved

for a new extension of fifteen days for filing the transcript and on the same day the appellees moved that the appeal be dismissed for failure to file the transcript within the extension granted, which, they allege, expired on October 28, 1919. *Held:* That the motion for dismissal is overruled, for although the legal period expired on September 28th, a thirty days' extension having been granted to run from the 29th of said month, in the computation of that extension the 29th should be excluded, in accordance with section 388 of the Political Code, wherefore the extension expired October 29th, the day on which the second motion was filed, and not on the 28th, as contended by the appellees.

The facts are stated in the opinion.

*Messrs. Francisco Soto Gras* and *R. Siaca González* for the appellant.

*Messrs. Pascasio Fajardo, J. R. F. Savage* and *Fernando Vázquez* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Two motions are submitted to the consideration of the court, one by the appellant for reconsideration and another by the appellee for dismissal of the appeal. In order to rule on them properly it is necessary to set forth the exact facts of the case.

On September 26 the appellants filed a motion alleging that the time allowed for filing the transcript of the record expired on the 28th of the same month and that due to its massiveness it was impossible to file it within that time, for which reason they asked for an extension of thirty days. This motion was disposed of on September 27 and the appellants were ordered to verify the date on which the statement of the case had been approved, or the date of the notice of appeal. They did so on October 1st and on the 2nd of the same month they were granted "an extension of thirty days from September 29, 1919, to file the transcript of the record in this court for the purposes of the appeal."

On October 29, 1919, at 9 A. M. the appellants filed a motion, dated the previous day, asking for a new extension of fifteen days. It was alleged that the transcript was lengthy; that it had been prepared, but as it had not been possible to obtain the consent of counsel for the appellees to its certifi-

cation, it had been sent to the clerk of the district court and he had not yet finished comparing it. On the same day, the 29th, the extension was denied. Although it was not so stated in the ruling, the fact is that the only ground for denying it was the consideration that as the time had expired on October 28th, the action taken on the 29th came too late. It was not the intention to dismiss the appeal for that reason. On the contrary, following the established practice, the order was made "without prejudice to the rights of the parties," among which rights has been recognized that of filing the transcript after the expiration of the time allowed. It should be stated here that the transcript was in fact filed on November 1; that it was certified to by the clerk of the district court, and that it consists of 146 pages. If the appellees had not filed on October 29, at 2 P. M., this motion for dismissal of the appeal because the transcript had not been filed within the time expressly granted therefor, the said transcript would have been considered as duly filed and the prosecution of the appeal would have been continued without difficulty.

Not only by reason of the appellants' motion for reconsideration, but also of the appellees' motion to dismiss, it is necessary to examine the order of October 29th. If the time had expired on October 28th, the case would be entirely favorable to the appellees and only in case of very clear circumstances in favor of the appellants could the prosecution of the appeal continue. But if the time did not really expire until the 29th, then it is evident that the appeal should not be dismissed.

The statutory time within which to file the transcript expired on September 28th. If the extension of thirty days be computed from that date it would expire on October 28th. In our judgment this fact gave rise to the order of October 29th. But the truth is that when, as we have stated, the extension asked for was granted on October 2nd, it was expressly stated that the time should be computed from September 29th. And this being the case, in accordance with

the law and the jurisprudence, it is necessary to hold that the extension did not expire until October 29th and therefore the appellants' motion filed on that day came in time.

Section 388 of the Political Code provides that "the time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." Excluding the 29th of September, or the first day, the thirty days expired on October 29th. There is no doubt about it.

In *Belaval* v. *Todd,* 22 P. R. R. 120, this court, in computing a period of twenty days, said: "The motion asking for an extension of time was granted, to run from December 18, and such time expired on January 7, 1915." And in *Korber & Co.* v. *Aboy, Vidal & Co.,* 26 P. R. R. 589, it expressed itself as follows: "The notice here took effect on June 26, 1917. According to the provisions of section 388 of the Political Code (Comp. 1911, sec. 3095), the period of ten days prescribed by clause 3 of section 295 of the Code of Civil Procedure is computed by excluding the first day and including the last. Therefore, counting from June 27, the ten days expired on July 6, the very day on which the appeal was taken."

By virtue of the foregoing, the transcript having already been filed, it is not necessary to grant any extension, and our action should be limited to considering the transcript as properly filed, and, therefore, to overruling the motion of the appellees for dismissal of the appeal.

*Overruled.*

Chief Justice Hernández and Justice Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.